UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

JUDY L. MORGAN )
)
v. ) NO. 2:04-CV-391
)
JO ANNE B. BARNHARDT, )
Commissioner of Social Security )

# MEMORANDUM OPINION

The plaintiff Judy L. Morgan has filed a motion for a judgment on the pleadings on her complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying her application for disability insurance benefits and supplemental security income under the Social Security Act. The defendant has filed a motion for summary judgment.

Ms. Morgan was born in 1957 and was 44 years old at the time of her supplemental hearing. [Tr. 27]. She completed her Graduate Equivalency Development [GED] diploma and has relevant past work experience as a machine operator. [Tr. 27, 54]. Ms. Morgan alleged she was disabled as of July 5, 1998, from fibromyalgia with muscle pain and fatigue, irritable bowel syndrome, and depression. [Tr. 54]. In October 1999, an Administrative Law Judge [ALJ] found she was not

disabled. [Tr. 59]. In December 2001, that decision was remanded to the defendant by this court pursuant to sentence six of 42 U.S.C. § 405 (g) so that the audio recording from Ms. Morgan's administrative hearing could be located. [Tr. 96-97]. In June 2002, Ms. Morgan was again found not to be disabled by the ALJ. [Tr. 16]. In February 2003, this court again remanded the case to the defendant, this time pursuant to sentence four of 42 U.S.C. § 405 (g) for further development of Ms. Morgan's physical and emotional capacity since January 1, 2000. [Tr. 422-23]. Following a supplemental hearing in May 2004, Ms. Morgan was found to be disabled as of August 26, 2003, but not any time prior to that date. [Tr. 375-76]. This is the decision that is now challenged before this court.

At Ms. Morgan's supplemental hearing held on May 14, 2002, the testimony of Ms. Morgan and vocational expert Dr. Robert Spangler was received into evidence. [Tr. 26-44]. Ms. Morgan testified she worked in the past as a machine operator, assembler, inspector, and team leader at an electronics company. [Tr. 27-28]. She indicated the biggest obstacle to her continuing to work is her fibromyalgia, which really began hurting her in 1998. [Tr. 28-29]. In 1999, she developed depression over the pain she was in. [Tr. 29-30]. Ms. Morgan is able to drive short distances, prepare light meals for her family, perform light housework, read magazines and novels, go to church about three times a month, and occasionally go out to eat. [Tr. 30-31]. In

2

addition to the fibromyalgia and depression, Ms. Morgan also has ulcers, esophagitis disease, and difficulty concentrating and remembering. [Tr. 33-35].

Vocational expert Dr. Robert Spangler testified next that Ms. Morgan's past relevant work as a machine operator was light and unskilled; her work as an assembler was light and semi-skilled; her work as an inspector was light and semi-skilled; and, her work as a team leader was between light and medium and semi-skilled. [Tr. 39-40]. The ALJ then asked him to assume a woman of Ms. Morgan's height, weight, education, and work background who retained the residual functional capacity [RFC] to perform light and sedentary work with an emotional disorder that gave her mild to moderate restrictions regarding her ability to perform work-related activities. [Tr. 40]. According to the vocational expert, such a person would be able to work as an interviewer, theater usher, light janitorial worker, light maid, factory messenger, production machine tender, assembler, packager, inspector, grader, sorter, material handler, and hand packer, *inter alia*. [Tr. 40-41].

The ALJ ruled that Ms. Morgan had severe fibromyalgia before August 26, 2003. [Tr. 376]. And, before August 26, 2003, she had impairments of a major depressive disorder and an adjustment disorder with anxiety, but these impairments were not severe enough to warrant a finding of disability. [*Id.*]. The ALJ then found that Ms. Morgan could perform her past relevant work as an assembler, machine

3

operator, and group leader prior to August 26, 2003. [Tr. 375]. After that date, however, she retained the RFC to perform significantly less than the full range of light and sedentary work and was, therefore, disabled. [*Id.*].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

The central issue before this court now is whether Ms. Morgan was disabled from the period of January 1, 2000, through August 25, 2003. The ALJ found she was not, and this court agrees with that decision.

From September 2000 until February 2002, Ms. Morgan was treated by neurologist Dr. Jack Scariano. [Tr. 315-334]. According to the ALJ, Dr. Scariano stated many times that Ms. Morgan did not have any neurological problems. [Tr. 370].

4

From February 2002 until September 2003, Ms. Morgan was seen by Drs. Richard Aasheim and Michael Odell. [Tr. 502-515]. During the majority of her appointments during this time, Ms. Morgan's condition was described as unchanged and no abnormalities were evidenced. [Tr. 371].

Ms. Morgan received mental health treatment from January 2001 until October 2003. [Tr. 286-312, 446-91]. During that time, she missed 23 scheduled appointments. [Tr. 372]. Although Ms. Morgan was often noted as being depressed, she several times admitted to not practicing relaxation exercises at home as recommended. [Tr. 371-72]. During her almost three years of mental health counseling, Ms. Morgan never saw a psychiatrist or a psychologist with a Ph.D. [Tr. 372].

Because of limited evidence of disability prior to August 25, 2003, the ALJ's decision that Ms. Morgan was not disabled from January 1, 2000, through August 25, 2003, was made with substantial evidence.

After careful consideration of the entire record of proceedings related to this case, Ms. Morgan's motion for a judgment on the pleadings will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

                                        s/Thomas Gray Hull
                                        THOMAS GRAY HULL
                                            SENIOR U. S. DISTRICT JUDGE